FILED
IN THE UNITED STATES DISTRICT COURT UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO          DENVER, COLORADO

AUG 20 2007

Civil Action No. 07-cv-01418-BNB

GREGORY C. LANGHAM
CLERK

MICHAEL SHRECK,

    Plaintiff,

v.

MARY LAWRENCE, Med. Sup., D.R.D.C., et al.,
MARY KEENAN, Dpty. D.A., Boulder County,
ANN TOMSIC, Dpty. D.A., Arapahoe County,
MIKE WARD, Parole Officer, Westminster, CO.,
JOHN DOE #1, Colorado Bureau of Investigations,
ARISTEDES ZAVARAS, Exec. Dir. Dept. of Corrections,
JANE DOE #1, Nurse, D.R.D.C.,
JOHN DOE #2, Boulder County District Attorney,
BOULDER COUNTY, Colorado (Monell Claim), and
COLORADO DEPARTMENT OF CORRECTIONS (Monell Claim),

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Michael Shreck, is a prisoner in the custody of the Arizona Department of Corrections who currently is incarcerated in the Morey Unit of the Lewis Complex in Buckeye, Arizona. He has filed *pro se* an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993), ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993), the Federal Tort Claims Act (FTCA), and two criminal statutes, 18 U.S.C. § 1519 (Supp. 2007), concerning the destruction, alteration, or falsification of records in federal investigations and bankruptcy, and 18 U.S.C. § 1623 (2000),

concerning false declarations before a grand jury or court. He asks for money damages and injunctive relief.

Mr. Shreck fails to identify any claims asserted pursuant to the FTCA. To the extent Mr. Shreck is attempting to initiate a federal criminal prosecution pursuant to 18 U.S.C. §§ 1519 and 1623, he seeks to invoke the authority of United States attorneys under 28 U.S.C. § 547 (1993) to prosecute for offenses against the United States. He may not do so. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, to the extent he is attempting to do so, Mr. Shreck lacks standing to maintain a criminal action.

The Court must construe the complaint liberally because Mr. Shreck is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Because Mr. Shreck is suing state actors, the civil rights claims properly are asserted pursuant to 42 U.S.C. § 1983 and not *Bivens*. Under § 1983, a plaintiff must allege that the defendants violated his rights under the Constitution and laws of the United States while they acted under color of

2

state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, Mr. Shreck will be directed to file an amended complaint.

Mr. Shreck alleges that he is a convicted sex offender. He contends that in 1989, when he was an inmate in the Colorado Department of Corrections (DOC) taken to the Denver Reception and Diagnostic Center for pre-placement screening, his blood was drawn for deoxyribonucleic acid (DNA) testing, and his DNA was included in the Colorado Bureau of Investigations' sex-offender database. Although Mr. Shreck admits he is a convicted sex offender, he fails to allege whether he already was a convicted sex offender when his blood was drawn for DNA testing in 1989.

Mr. Shreck further alleges that in 1998, the Boulder District Attorney's office used the results of his DNA testing to charge and convict him of various felonies, including two counts of second-degree kidnaping, two counts of first-degree sexual assault, and four counts as a habitual criminal.

On the basis of these allegations, he attempts to assert four claims. In the discussion of his claims, he refers to allegations made in the section titled "Nature of the Case," thus placing an unnecessary burden on the Court to speculate as to the specific substance of his claims. However, the Court has done its best to summarize the asserted claims. As his first claim, he apparently alleges that he was denied due process before his blood was taken in 1989 for DNA testing and that he was falsely convicted as a sex offender in 1998 based upon his DNA results. As his second claim, he asserts that the 1989 taking of his blood violated the Fourth Amendment prohibition against an unreasonable search and seizure. As his third claim, he alleges that the 1989 drawing of his blood for DNA testing subjected him to cruel and unusual

3

punishment under the Eighth Amendment. His fourth claim is not a claim but rather an allegation that Boulder County and the DOC share municipal liability for his DNA testing and his allegedly illegal conviction.

Mr. Shreck may not sue the Colorado Department of Corrections for money damages. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

Mr. Shreck must allege exactly what each defendant did to violate his constitutional rights, and he must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Shreck must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Aristedes Zavaras, DOC executive director, may not be held liable merely because of his or her supervisory position. *See*

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Shreck may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Shreck uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The amended complaint Mr. Shreck will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order for Mr. Shreck "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007). Mr. Shreck may not make vague references to the "Nature of the Case," causing the Court and the defendants to speculate as to the substance of his claims. The complaint must give each defendant sufficient notice to begin preparing his or her defense and the Court sufficient clarity to adjudicate the merits of Mr. Shreck's claims. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-74 (2007). Accordingly, it is

ORDERED that Mr. Shreck file **within thirty (30) days from the date of this order** a amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Shreck, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Shreck submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Shreck fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction

within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 17th day of August, 2007.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01418-BNB

Michael Shreck
Prisoner No. 177200
A.D.O.C Morey Unit
Lewis Complex
PO Box 3300
Buckeye, AZ 85326

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  8/20/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk